**UNITED STATES of America,
Appellant,**

v.

**Beulah GREEN, Appellee.**

**No. 22846.**

United States Court of Appeals
Fifth Circuit.

May 11, 1967.

John B. Jones, Jr., Richard M. Roberts, Acting Asst. Attys. Gen., Dept. of Justice, Lee A. Jackson, Melva M. Graney, Crombie J. D. Garrett, Attys., Dept. of Justice, Washington, D. C., for appellant, Edward F. Boardman, U. S. Atty., of counsel.

William R. Frazier, Jacksonville, Fla., for appellee.

Before RIVES, BELL and THORNBERRY, Circuit Judges.

**PER CURIAM:**

This is a companion case to Wood v. United States, 5th Cir. 1967, 377 F.2d 300, and United States v. Peeler, 5th Cir. 1967, 377 F.2d 531 decided this day. The sole issue is the same as in those cases—whether the taxpayer, by contractual agreement calling for the extraction of minerals from her land, retained an "economic interest" in the minerals so that compensation derived under the contract was properly taxed as ordinary income.

Taxpayer Green owned a 170-acre tract of land containing lime rock deposits in Suwanee County, Florida. In April, 1959, taxpayer entered into a "lease contract" with Florida Rock Products Company ("Florida Rock"). This agreement called for exploitation of the lime rock deposits by Florida Rock. It was to be in effect for ten years, Florida Rock having the option to renew for an additional ten years. Taxpayer was to be guaranteed a minimum yearly royalty payment and was to receive a fixed royalty for each ton of rock extracted. If Florida Rock were to decide at any time that the mineral deposits could not be profitably exploited, it could terminate the lease upon payment of Five Hundred Dollars ($500.00). Pursuant to this agreement, Florida Rock undertook extensive operations on taxpayer's land.

This controversy concerns the royalty payments made to taxpayer in 1961. Taxpayer reported the payments as proceeds from a sale of capital assets. The Commissioner determined, however, that the proceeds were properly taxable as ordinary income and assessed a deficiency. The assessment was duly paid, and this litigation followed the Commissioner's disallowance of taxpayer's claim for refund. The case was presented to the district court upon stipulated facts and was heard by the court sitting without a jury. The district court ruled for the taxpayer, holding that she had effectively sold the minerals in place retaining no economic interest. We reverse.

The district court was of the opinion that the decision of this court in Crowell Land & Mineral Corp. v. Commissioner of Internal Revenue, 5th Cir. 1957, 242 F.2d 864, controlled the present controversy. With this conclusion we disagree. A careful review of the record and the pertinent cases convinces us that taxpayer retained by the lease agreement with Florida Rock an economic interest in the lime rock deposits. Our rationale in reaching this conclusion is identical to that set forth in Wood v. United States, supra, and need not be repeated here. It is sufficient to say that nothing in the present case renders inapplicable our holding in *Wood*. We therefore reverse with instructions to the district court to enter judgment accordingly.